<u>**NOT FOR PUBLICATION**</u>                                        **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEN GROSS,<br><br>                    Plaintiff,<br><br>   v.<br><br> DAVID E. MAITLIN,<br><br>                    Defendant. | Civil Action No. 11-4998 (JLL)<br><br><br>**ORDER** |

      **THIS MATTER** comes before the Court by way of: (1) Plaintiff's motion for default judgment as to Defendant Maitlin, and (2) Defendant's motion to dismiss the Complaint for, *inter alia*, lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and insufficient service of process pursuant to Rule 12(b)(5).

      The Amended Complaint, filed on June 8, 2012, contains a single claim against Defendant David Maitlin for violation of 15 U.S.C. 1692(d), which prohibits a debt collector from engaging in conduct that results in the  harassment, oppression or abuse of any person in connection with the collection of a debt.

      On July 18, 2012, Judge Michael A. Hammer, U.S.M.J., granted Defendant Maitlin's request for a fourteen (14) day extension of time in which to file an Answer.  Thus, it appears that Defendant's Answer was due by August 1, 2012.  Although Defendant did not file an Answer or otherwise respond to the Amended Complaint by that date, Plaintiff's motion for default judgment [Docket Entry No. 28] is denied without prejudice because Plaintiff has failed to request that the Clerk's Office "enter the party's default." *See* Federal Rule of Civil Procedure 55(a).

      Turning now to Defendant's motion to dismiss, Defendant argues that this Court does not have personal jurisdiction over him inasmuch as Plaintiff has failed to properly effectuate service of the summons and complaint on him.  In particular, Defendant maintains that service was improper because Plaintiff, himself, served the summons and complaint on the Defendant and Federal Rule of Civil Procedure 4(c) precludes "a party" from doing so.  The Return of Service form submitted by the Plaintiff, under Docket Entry No. 16, indicates that a copy of the summons and complaint was "served personally upon the defendant" on June 20, 2012 and identifies the "Name of Server" as "Ben Gross." *See* Docket Entry No. 16.

Federal Rule of Civil Procedure 4(c)(1) and (2) require the summons and complaint to be served by "any person who is at least 18 years old and *not a party*." Fed. R. Civ. P. 4(c)(2); *see, e.g., Allen v. Travis*, 2007 WL 1989592, at *8 (N.D. Tex. July 10, 2007) ("By its plain language, the federal rules of civil procedure do not allow a party to serve process.") (citing Fed. R. Civ. P. 4(c) (2)); *Reading v. United States*, 2007 WL 1267283, at *1 (D.D.C. March 2, 2007) ("[P]laintiff Clare Reading, by effecting service personally . . . has violated the Federal Rule 4, which requires that service be made 'by any person who is not a party.' "); *La Blanche v. Prairie View A & M Univ.*, 2006 WL 3488926, at *1 (S.D. Tex. Dec. 4, 2006) (same).

In opposition to Defendant's motion,[1] Plaintiff claims that he "did not personally hand it to the defendant. Rather, I asked his secretary to convey the complaint at his office; and his housekeeper at his home." (Docket Entry No. 34 at 2).

Having carefully considered the parties' positions, the Court grants Defendant's motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) because Plaintiff identified himself as the "server" of the Amended Complaint on the Return of Service form that he filed with the Court. *See* Docket Entry No. 16. Thus, it is undisputed that Plaintiff attempted to personally serve the summons and complaint on Defendant Maitlin. This violates Federal Rule of Civil Procedure 4(c)(2). To the extent Plaintiff has now taken the contrary position by theorizing that he was not the actual "server" because he did not "personally hand it to the defendant," then the "Return of Service" form filed with the Court is null and void because it contains inaccurate information. Without proper service, the court lacks personal jurisdiction over Defendant Maitlin. *See, e.g., Velidor v. L/P/G Benghazi,* 653 F.2d 812, 817 (3d Cir. 1981) ("[S]ubject matter jurisdiction plus service equals personal jurisdiction"). The sole claim asserted against Defendant Maitlin must be dismissed, *without prejudice*. Defendant's motion is therefore granted.

Accordingly, **IT IS** on this **4th day of September, 2012,**

**ORDERED** that Plaintiff's motion for default judgment is [Docket Entry No. 28] is **denied without prejudice**; and it is further

**ORDERED** that Defendant's motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) is **granted**. Plaintiff's Amended Complaint is dismissed *without prejudice* for lack of personal jurisdiction; and it is further

**ORDERED** that Plaintiff's motion for discovery [Docket Entry No. 34] is **denied as moot**; and it is further

---

[1] Plaintiff's opposition brief was filed as a "motion for entry of discovery order." *See* Docket Entry No. 34. Having found that the Court lacks personal jurisdiction over the sole Defendant to this action, Plaintiff's "motion for entry of discovery order"—to the extent it seeks any affirmative relief—is denied as moot.

**ORDERED** that Plaintiff shall have thirty (30) days in which to properly serve the summons and operative complaint on the Defendant.  In the interim, the matter shall be **administratively terminated** without prejudice to the reopening of same if, within thirty (30) days, service of the summons and complaint is properly effectuated on the Defendant.


s/ Jose L. Linares
Jose L. Linares
United States District Judge