**NOT FOR PUBLICATION**                                                               **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEN GROSS, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID E. MAITLIN, <br><br> Defendant. | Civil Action No. 11-4998 (JLL) <br><br> OPINION |

**LINARES, District Judge.**

Presently before the Court is Defendant David E. Maitlin's motion to dismiss Plaintiff Ben Gross' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Docket Entry No. 41], and Plaintiff's cross-motion to file a second amended complaint pursuant to Rule 15. [Docket Entry No. 43]. The Court decides both motions without oral argument. *See* Fed. R. Civ. P. 78. For the reasons that follow, Defendant Maitlin's motion to dismiss is granted and Plaintiff's request to file a second amended complaint is denied.

**BACKGROUND**[1]

Prior to the commencement of this action, Plaintiff was involved in a state court litigation with Patrick and Marion Ruane, neither of whom are parties to this action, concerning a "property they own in Howell, NJ." (Am. Compl., ¶ 1). Although Plaintiff's Amended Complaint does not elaborate on the legal or factual premise underlying the state court litigation,

---

[1] The Court accepts the following facts asserted in Plaintiff's Amended Complaint as true solely for purposes of this motion.

1

Plaintiff's Amended Complaint does reveal that Defendant, David Maitlin, served as legal counsel for the Ruanes in connection with that case, and that the Honorable Patricia Del Bueno Cleary, J.S.C., entered an Order in or around June 2011 requiring Plaintiff to provide a copy of his tax returns also in the context of that case. (Am. Compl. ¶2, Ex. A).

On August 2, 2011, Defendant Maitlin filed a motion for an Order enforcing litigants' rights pursuant to New Jersey Court Rule 1:10-3 in the Superior Court of New Jersey, Monmouth County. (Am. Compl. ¶5). Plaintiff has attached a copy of the Notice of Motion for an Order Enforcing Litigants' Rights submitted by Defendant Maitlin on behalf of the Ruanes to his Amended Complaint. (Am. Compl., Ex. A). The Notice of Motion, which is directed to Plaintiff Ben Gross, provides that "if you fail to appear in court on August 22, 2011, you shall be arrested by the Sheriff and confined in the county jail until you comply with the information subpoena and provide your tax returns." (Compl., Ex. A).

In light of the foregoing, on August 25, 2011, Plaintiff filed a one-count complaint before this Court, claiming that "Defendant [Maitlin] has threatened Plaintiff with JAIL, contravening the lawful remedies at his disposal to enforce litigants rights," in violation of 15 U.S.C. § 1962d. (Docket Entry No. 1). Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On January 27, 2012, this Court granted Plaintiff's application to proceed *in forma pauperis*, but dismissed Plaintiff's Complaint without prejudice for failure to state a claim upon which relief may be granted. In doing so, the Court noted the following:

> Having thoroughly reviewed Plaintiff's Complaint, this Court cannot ascertain the legal basis of Plaintiff's claims. Plaintiff's Complaint provides that Defendant was retained as legal counsel in matters for which Defendant now seeks retribution. Plaintiff asserts jurisdiction under 15 U.S.C. § 1692d, which prohibits a debt collector from engaging in conduct that results in the harassment, oppression or abuse of any person in connection with the collection of a debt. However, 15 U.S.C. §1692a(6)(F) excludes from the

> definition of a debt collector "any person collecting any debt owed to the extent that such activity is (i) incidental to a bona fide fiduciary obligation. The plaintiff has not alleged sufficient facts to indicate that the underlying debt in this action does not arise from a debt owed incidental to a bona fide fiduciary obligation on the part Defendant while retained by Plaintiff. If the alleged debt arose from a fiduciary relationship which exempts Defendant as a "debt collector" against whom a claim is actionable, Plaintiff fails to state a plausible claim on which relief may be granted.

(Docket Entry No. 8). Pursuant to this Court's January 27, 2012 Order, this case was marked closed and Plaintiff was given an opportunity to reopen the matter by filing an amended complaint that cured the pleading deficiencies in his claim.

The Amended Complaint—which is now the operative complaint in this matter—was filed on June 8, 2012 and once again contains a single claim against Defendant David Maitlin for violation of 15 U.S.C. 1692d. [Docket Entry No. 9].[2] Defendant now seeks dismissal of the sole claim asserted in the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and Plaintiff seeks leave to file a Second Amended Complaint pursuant to Rule 15.

## LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

---

[2] To the extent this matter remains "closed" on the Court's docket, it is hereby reopened for the purpose of adjudicating the motions at issue.

3

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truth. *Id.* at 678-79; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).[3] With this framework in mind, the Court turns now to Defendant's motion.

## DISCUSSION

**1.    15 U.S.C. § 1692d – Fair Debt Collection Practices Act**

Plaintiff's § 1692d claim is premised *entirely* on Defendant's act of sending him the "Notice of Motion for an Order Enforcing Litigants' Rights." This is evident not only from the language of the Amended Complaint itself, but also from the sole document attached thereto. In particular, Plaintiff takes issue with the portion of the Notice of Motion that purports to "threaten Plaintiff with JAIL." (Am. Compl. at 1, "Cause of Action").

---

[3] The Court considers the "Notice of Motion for an Order Enforcing Litigants' Rights" which is not only attached to Plaintiff's Amended Complaint but also serves as the very basis for his claim of "harassment" under the FDCPA against Defendant Maitlin. The Court declines, however, to consider the various documents provided by the Defendant for the Court's consideration. These matters are extrinsic to the Amended Complaint and are thus irrelevant to the issue of whether Plaintiff has succeeded in "stat[ing] a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

4

In its relevant part, the Fair Debt Collection Act ("FDCA"), 15 U.S.C. §1692d, provides that:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a (f)or 1681b (3) of this title.
> (4) The advertisement for sale of any debt to coerce payment of the debt.
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Generally speaking, the FDCPA protects those who owe a debt from being subject to certain types of violative conduct. Thus, as a threshold matter, the Court must determine whether the allegedly violative conduct was used in an attempt to collect a "debt" within the meaning of the FDCPA. Section 1692a(5) defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

Although the statute itself does not define "transaction," "at a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value." *Staub v. Harris*, 626 F.2d 275, 278 (3d Cir. 1980); *see also Turner v. Cook*, 362 F.3d 1219, 1227 (9th Cir. 2004) (finding that "the consensus judicial interpretation is . . . that the statute is limited in its reach "to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services."); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997) (same); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998) ("The ordinary meaning of 'transaction' necessarily implies some type of business dealing between parties. . . . [W]hen we speak of 'transactions,' we refer to consensual or contractual arrangements, not damage obligations thrust upon one as a result of no more than her own negligence."); *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) (finding that obligation to pay child support was not a "debt" under the FDCPA because it was not incurred in exchange for consumer goods or services).

The "debt" at issue in this case arises out of a state court order requiring Plaintiff to provide his tax returns. Thus, in order for Defendant's action—in seeking to enforce said court order—to be subject to FDCPA scrutiny, Plaintiff's state court order must constitute a "debt." Plaintiff cites to no legal authority in support of the theory that a court order constitutes a "debt" within the meaning of the FDCPA, nor is the Court aware of any such legal authority. The court order—or purported "debt"—at issue here does not result from a consensual transaction, but rather from a contested adversarial proceeding in state court. (Compl., ¶ 1). Certainly, it was *not* the "result of the rendition of a service or purchase of property or other item of value." *Staub*, 626 F.2d at 278.

In light of the foregoing, and absent any legal authority to the contrary, the Court finds that section 1692d of the FDCPA is not applicable to Plaintiff's claim. *See, e.g., Beal v. Himmel & Bernstein, LLP*, 615 F. Supp. 2d 214, 217 (S.D.N.Y. 2009) (finding the FDCPA inapplicable to plaintiff's claim where the debt at issue was "in the nature of a judicially-ordered sanction for plaintiff's 'willful' failure 'to obey numerous court orders.'"). This finding is particularly appropriate here given that Defendant's action in seeking to enforce the state court order— *including* reference to the potential risk of incarceration—is expressly permitted under New Jersey Court Rule 1:10-3. *See Milne v. Goldenberg*, 428 N.J. Super. 184, 198 (App. Div. 2012) ("Rule 1:10–3 allows a court to enter an order to enforce litigant's rights commanding a disobedient party to comply with a prior order **or face incarceration**.") (emphasis added). Plaintiff has, therefore, failed to state a claim under the FDCPA. Defendant's motion to dismiss this claim is granted.

### 2. Plaintiff's Request to file a Second Amended Complaint

In opposition to Defendant's motion, Plaintiff has submitted a request to file a second amended complaint. [Docket Entry No. 43].[4] Federal Rule of Civil Procedure 15(a)(2) provides that, other than in situations not present here, a party may amend only with the consent of the adverse party or permission from the Court. Fed. R. Civ. P. 15(a)(2); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Rule 15(a)(2) provides that "[t]he court shall freely give leave when justice so requires." Leave to amend, however, may be denied for the following reasons: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to

---

[4] In light of Plaintiff's *pro se* status, the Court has considered Plaintiff's submission not only as a request to file a second amended complaint, but also as opposition to Defendant's motion to dismiss.

cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir. 1984).

Having carefully reviewed Plaintiff's proposed second amended complaint, the Court denies Plaintiff's request to amend for several reasons. First, the proposed second amended complaint is based upon the same general set of facts contained in Plaintiff's original Complaint *and* his Amended Complaint—namely, the circumstances surrounding Defendant Maitlin's attempt to enforce, on behalf of his clients, the state court order discussed above. It simply adds, in a conclusory fashion, claims of "due process," "fraud," and/or "ethical" violations. Such claim(s) fail to meet the pleading requirements of Federal Rule of Civil Procedure 8(a), which requires that Plaintiff's Complaint set forth (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a).

In particular, Plaintiff fails to provide a short and plain statement explaining what specific claim(s) are asserted against Defendant Maitlin or how the alleged facts relate to and form the basis of said claim(s). For example, the proposed Second Amended Complaint purports to assert claims of "due process" and "fraud," but contains no facts in support of these causes of action. Nor does the proposed Second Amended Complaint even specify whether it purports to assert a substantive due process claim or a procedural due process claim. Certainly, the proposed Second Amended Complaint fails to give Defendant Maitlin fair and sufficient notice of the nature of the claim(s) asserted against him, in violation of Rule 8(a).

Second, as previously stated, Defendant's action in seeking to enforce the state court order, including reference to the potential risk of incarceration, is expressly permitted under New

Jersey Court Rule 1:10-3. *See Milne*, 428 N.J. Super. at 198. Plaintiff has alleged no *additional* facts that would nudge Plaintiff's generalized claims of "fraud" or violation of "due process" "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 678 (citations omitted). For example, to state a claim for fraud under New Jersey law, a plaintiff must allege, with sufficient factual support: 1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). In addition, Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "To satisfy this heightened standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Plaintiff must also allege who made the purported misrepresentations and what specific misrepresentations were made. *See, e.g., Frederico v. Home Depot*, No. 05-5579, 2006 WL 624901, at *2 (D.N.J. March 10, 2006). Plaintiff's proposed Second Amended Complaint does not even attempt to allege the elements of a fraud claim, much less with the level of particularity required by Rule 9(b).

Lastly, to the extent Plaintiff attempts to assert an ethical violation claim against Defendant Maitlin, a violation of the Rules of Professional Conduct does not alone give rise to a civil cause of action for damages. *See Baxt v. Liloia*, 155 N.J. 190, 198-202 (1998) ("[S]tate disciplinary codes are not designed to establish standards for civil liability but, rather, to provide standards of professional conduct by which lawyers may be disciplined."); *see also Cohen v. Wolpoff & Abramson, LLP*, No. 08-1084, 2008 WL 4513569, at *8 (October 2, 2008) (rejecting

plaintiff's attempt to import state-specific rules of attorney discipline into federal legislation and concluding that unauthorized practice of law claims do not state a cause of action for use of unfair and unconscionable means to collect debt in violation of FDCPA). If Plaintiff believes that Defendant's conduct violated any Rules of Professional Conduct, such matters are more appropriately directed to the Office of Attorney Ethics. *See generally Bass v. Arrow Financial Servs., LLC*, 2002 WL 1559635, at *3 (N.D. Ill. July 16, 2002) ("Plaintiff's allegations in this matter certainly might interest Illinois' Attorney Registration and Disciplinary Committee, but they do not appear to be cognizable under the FDCPA.").

This case has now been pending for over a year. The Court has dismissed *two* prior iterations of Plaintiff's complaint and has—*both times*—provided Plaintiff with an opportunity to cure the pleading deficiencies in his claim(s). In light of the foregoing, the Court finds that Plaintiff's proposed amendment would be futile. Plaintiff's request to file a Second Amended Complaint is therefore denied.

## CONCLUSION

Based on the reasons set forth above, Defendant's motion to dismiss is granted. Plaintiffs' Amended Complaint is dismissed, *with prejudice,* and Plaintiff's request to file a Second Amended Complaint is denied. This case is hereby closed.[5]

An appropriate Order accompanies this Opinion.

Date: December 3, 2012

Jose L. Linares
United States District Judge

---

[5] Plaintiff's discovery-related application [Docket Entry No. 48] is therefore denied as moot.